UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANTHONY RAMONE VARNER,　　　　　　　Case No. 1:16-cv-470
　　　　Petitioner,
　　　　　　　　　　　　　　　　　　　　　Bertelsman, J.
vs.　　　　　　　　　　　　　　　　　　　Wehrman, M.J.

WARDEN, CHILLICOTHE　　　　　　　　　**ORDER AND REPORT**
CORRECTIONAL INSTITUTION,　　　　　　**AND RECOMMENDATION**
　　　　Respondent.

　　　　Petitioner, an inmate in state custody at the Chillicothe Correctional Institution in Chillicothe, Ohio, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 4).  This matter is before the Court on petitioner's motion to amend/correct (Doc. 8) and respondent's motion to dismiss (Doc. 10), to which petitioner has filed a response in opposition (Doc. 13).

　　　　Petitioner's motion to amend (Doc. 8) is hereby **GRANTED**.

　　　　For the reasons stated below, the undersigned recommends that the motion to dismiss (Doc. 10) also be **GRANTED** on the ground that the petition is time-barred under 28 U.S.C. § 2244(d).

**I.  PROCEDURAL HISTORY**

　　　　On October 5, 2011, the Butler County, Ohio, grand jury returned an eight-count indictment charging petitioner with eight counts of rape.  (Doc. 9, Ex. 1).  On October 12, 2011, petitioner entered a plea of guilty to four counts of rape.  (Doc. 9, Ex. 2).  Petitioner was sentenced to a total prison term of thirty years to life.[1]  (Doc. 9, Ex. 3).

---

[1] Petitioner was sentenced to two consecutive prison terms of fifteen years to life on counts one and two and concurrent terms of fifteen years to life on counts three and four.  (*See* Doc. 9, Ex. 3).

## Direct Appeal

Petitioner filed an appeal to the Ohio Court of Appeals on January 20, 2012. (Doc. 9, Ex. 4). Petitioner's appellate counsel subsequently filed a brief pursuant to *Anders v. California*, 386 U.S 738 (1967). Counsel maintained that the record contained no appealable errors, requested leave to withdraw as counsel, and asked the court to independently review the record. (Doc. 9, Ex. 5). On November 13, 2012, the Ohio Court of Appeals granted counsel's motion to withdraw as counsel and dismissed the appeal. (Doc. 9, Ex. 7).

## Motion to Withdraw Guilty Plea

On December 20, 2013, thirteen months later, petitioner filed a motion to withdraw his guilty plea in the trial court. (Doc. 9, Ex. 8). The motion was denied by the trial court on January 24, 2014. (Doc. 9, Ex. 10).

Petitioner filed a notice of appeal on February 20, 2014. (Doc. 9, Ex. 11). In his appellate brief, petitioner raised the following three assignments of error:

1. The trial court abused its discretion by abdicating its duty to advise appellant that his sentence would include a mandatory term of postrelease control. In doing so, the court exercised its jurisdiction in a manner, which was inadequate and did not constitute substantial compliance with its responsibility under Crim.R. 11(C)(2)(a) and (b).

2. The trial court's abuse of discretion rendered appellant's guilty plea invalid placing appellant in the same position that he would be in if he had never been sentenced. Thus, the court gave appellant a void sentence. Consequently, his motion to withdraw guilty plea must be considered as a pre-sentence motion and thus, must be freely and liberally granted.

3. Counsel's failure to raise the issues that appellant now argues, constituted ineffective assistance of counsel under the Sixth Amendment, Constitution of United States.

On October 6, 2014, the appeals court overruled petitioner's assignments of error and affirmed

the judgment of the trial court. (Doc. 9, Ex. 15).

Petitioner filed a notice of appeal to the Ohio Supreme Court on November 19, 2014. (Doc. 9, Ex. 16). In his memorandum in support of jurisdiction, petitioner raised the following three propositions of law:

1. The trial court abused its discretion by abdicating its duty to advise appellant that his sentence would include a mandatory term of postrelease control. In doing so, the court exercised its jurisdiction in a manner, which was inadequate and did not constitute substantial compliance with its responsibility under Crim.R. 11(C)(2)(a) and (b).

2. The trial court's abuse of discretion rendered appellant's guilty plea invalid placing appellant in the same position that he would be in if he had never been sentenced. Thus, the court gave appellant a void sentence. Consequently, his motion to withdraw guilty plea must be considered as a pre-sentence motion and thus, must be freely and liberally granted.

3. Appellant counsel's failure to raise the issues that appellant now argues, constituted ineffective assistance of counsel under the Sixth Amendment, Constitution of United States.

(Doc. 9, Ex. 17). The Ohio Supreme Court declined to accept jurisdiction of the appeal on April 8, 2015. (Doc. 9, Ex. 18).

## Motion for Reconsideration

Meanwhile, on October 20, 2014, petitioner filed an application for reconsideration in the Ohio Court of Appeals, requesting the appeals court to reconsider its October 6, 2014 decision upholding the trial court's denial of his motion to withdraw his guilty plea. (Doc. 9, Ex. 19). On December 9, 2014, the Ohio Court of Appeals denied the application. (Doc. 9, Ex. 20).

Petitioner filed a notice of appeal to the Ohio Supreme Court on January 21, 2015. (Doc. 9, Ex. 21). In his memorandum in support of jurisdiction petitioner raised the same three propositions of law that he raised in his November 19, 2014 appeal to the Ohio Supreme Court.

3

(*See* Doc. 9, Ex. 22). On May 20, 2015, the Ohio Supreme Court declined to accept jurisdiction of the appeal. (Doc. 9, Ex. 23).

## Federal Habeas Corpus

On April 14, 2016, petitioner initiated the instant federal habeas corpus action by filing a motion for leave to proceed *in forma pauperis* along with his petition. (*See* Doc. 1). Petitioner asserts the following twelve grounds for relief in the petition, as amended:

> **Ground One**: In the transcripts T.P. 9-11 (enclosed). The statement says "I notice on here there's nothing on post-release control. When not mentioning about post-release control the waiver of guilty plea is void. Trial court neglect prejudice.
>
> **Ground Two**: There are/were witnesses which attorney did not request defendant for before telling to take a plea deal. Defendant was on medication (anti-depressants & non-smoking aid – (Chantix)) which causes unusual behavior. Interrogation was in a small room with no windows for 4 hours without a break, drink, or able to use restroom.
>
> **Ground Three:** When arrested defendant was not tested for alcohol before being questioned/interrogates.
>
> **Ground Four:** Defendant was inside a closed small room with no windows and no access to a phone; along with 4 hours of interrogation without a drink or able to use the restroom until the interrogation was complete (illustration enclosed)
>
> **Ground Five:** Criminal lawyer never asked for any witnesses names or testing items. The video was used as guilt.
>
> **Ground Six:** Chantix is a non-smoking aid and was being taken during the time allegations were made. One of the side-effects are unusual behavior, depression, blurred vision. Defendant was also on antidepressants (Abilify and Celixa). This was told but never mentioned in trial court.
>
> **Ground Seven:** Excessive sentence for first time offender with no type of criminal or minor violation. (Judge should compare sentencing with case law)
>
> **Ground Eight:** Police Detective never offered resource or time to contact an attorney during questioning which was mentioned in arraignment (Middletown Municipal Court)

4

>**Ground Nine:** The time frame the court used was between March, 2011 through August, 2011. During this time Defendant wife Bernita Varner was injured at work in February, 2011 and was trying to obtain workmans compensation for an injury, which would put her at home when this supposingly happened.
>
>**Ground Ten:** During the investigation – interrogation I was not told about any taping video or audio recording while I was in the room. There was not video or audio equipment present inside the room.
>
>**Ground Eleven:** No time frame was checked to see when the Defendant was actually left alone with the victim, in regards to defendant wife and two (2) step-children. Along with the work and college school schedule.
>
>**Ground Twelve:** Defendant was told by lawyer his sentence would be fifteen (15) years; if he did not take plea he would make sure life without parole. A document was signed during the one visit at Butler County Jail.

(Doc. 4, 8.).

Respondent has filed a motion to dismiss the petition. (Doc. 10). Respondent contends that the petition is subject to dismissal with prejudice because it is barred from review by the applicable one-year statute of limitations governing federal habeas actions by state prisoners, which is set forth in 28 U.S.C. § 2244(d). (*See id.*). Petitioner has filed a response in opposition to the motion to dismiss. (Doc. 13).

## II. THE MOTION TO DISMISS (DOC. 10) SHOULD BE GRANTED BECAUSE THE PETITION IS TIME-BARRED

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

5

>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

There is no evidence in the record in this case to suggest that the provisions set forth in §§ 2244(d)(1)(B) through (D) apply to petitioner's grounds for relief. Petitioner has not alleged that a State created impediment prevented him from filing the instant petition or that his claims are governed by a newly recognized constitutional right made retroactively applicable to his case. Furthermore, petitioner's grounds for habeas relief are based on alleged errors that occurred at or prior to sentencing. Since petitioner was aware of the facts underlying his claims by the close of the direct review, his ground for relief is governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became final "by the conclusion of direct review or the expiration for the time for seeking such review."

Under § 2244(d)(1)(A), petitioner's conviction became final on December 28, 2012 upon expiration of the 45-day period for filing an appeal to the Ohio Supreme Court from the Ohio Court of Appeals' November 13, 2012 denial of his direct appeal. *See* Ohio S.Ct.Prac.R. 6.01(A)(1) & 7.01(A)(1)(a)(i); *Gonzalez v. Thaler,* __ U.S. __, 132 S.Ct. 641, 653–54 (2012)

6

(holding that because the petitioner did not appeal to the State's highest court, his conviction became final under § 2244(d)(1)(A) "when his time for seeking review with the State's highest court expired"). The statute commenced running on December 31, 2012, the next business day after petitioner's conviction became final, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on December 31, 2013, absent the application of statutory or equitable tolling principles.

During the one-year limitations period, petitioner was entitled to tolling of the statute under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 560 U.S. 631, 635 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute-of-limitations bar. *Id.*

It is well-settled that a state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). State post-conviction or collateral review applications rejected by the state courts on timeliness grounds are not "properly filed" and, therefore, are not subject to statutory tolling under § 2244(d)(2). *See Allen,* 552 U.S. at 5-6; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Vroman,* 346 F.3d at 603.

7

In this case, the statute of limitations had run for 354 days before petitioner filed his motion to withdraw his guilty plea on December 20, 2013. (*See* Doc. 9, Ex. 8). The limitations period was tolled until the Ohio Supreme Court declined to accept jurisdiction of his appeal on April 8, 2015. (*See* Doc. 9, Ex. 18). However, petitioner also filed a motion for reconsideration in the Ohio Court of Appeals on October 20, 2014, which the undersigned assumes in petitioner's favor continued to toll the statute of limitations until May 20, 2015, when the Ohio Supreme Court declined jurisdiction over petitioner's appeal. (*See* Doc. 9, Ex. 23). The statute of limitations began to run the following day and expired eleven days later, on June 1, 2015. Because petitioner did not initiate the instant petition until April 14, 2016, the petition is barred from review unless petitioner demonstrates he is entitled to equitable tolling.

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 130 S.Ct. at 2560, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 130 S.Ct. at 2562 (internal quotations omitted)); *see also Pace,* 544 U.S. at 418. Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir. 2011)). "With *Holland*

8

now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner has not demonstrated that he is entitled to equitable tolling in this case. Petitioner claims that he was told by an inmate law clerk that he had until May 29, 2016 to file his habeas petition. (Doc. 13 at PageID 275). Petitioner also generally notes that he has no legal experience and did not have the assistance of lawyer in preparing his habeas corpus petition. (*Id.*).[2]

Petitioner is not entitled to equitable tolling based on his pro se status. It is well-settled in the Sixth Circuit that petitioner's pro se status or lack of legal knowledge are not sufficient to warrant equitable tolling. *See, e.g., Hall,* 662 F.3d at 750-51 (rejecting the petitioner's argument that he was entitled to equitable tolling because of his lack of access to the trial transcript, as well as his *pro se* status and limited law-library access); *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)) ("this court has repeatedly held that 'ignorance of the law alone is not sufficient to warrant equitable tolling'"); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) ("an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations"); *Lacking v. Jenkins*, No. 2:15cv3069, 2016 WL 4505765, at *4 (S.D. Ohio Aug. 29, 2016) (Report & Recommendation) ("A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prison's law library or to legal materials do not

---

[2] Petitioner also indicates that he did not receive the Ohio Supreme Court's May 20, 2015 decision until May 29, 2016. (*Id.* at PageID 276). However, even if the Court were to toll the statute of limitations for the extra nine days, the petition is still untimely.

9

provide a sufficient justification to apply equitable tolling of the statute of limitations."), *adopted*, 2016 WL 6125683 (S.D. Ohio Oct. 19, 2016), *appeal filed*, No. 16-4291 (6th Cir. Nov. 10, 2016); *Boyd v. Tibbals*, No. 2:13cv611, 2014 WL 1400978, at *3 (S.D. Ohio Apr. 10, 2014) (Report & Recommendation) (and numerous cases cited therein) ("A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prisons' law library or to legal materials together or along do not provide a sufficient justification to apply equitable tolling of the statute of limitations."), *adopted*, 2014 WL 2931475 (S.D. Ohio June 30, 2014).

The fact that petitioner received and relied on the inaccurate advice of the prison law clerk is also insufficient to warrant the application of equitable tolling in this case. *See Pilgram v. Warden*, 182. F.Supp.3d 861, 865 (N.D. Ill. April 19, 2016) ("[T]he fact that [the petitioner] apparently received the incorrect filing deadline from a fellow inmate serving as a prison law clerk does not satisfy the requirements for equitably tolling the one-year limitations period.") (collecting cases). *See also*, *Trovato v. Kaplan*, No. 11-cv-6092, 2012 WL 7060608, at *3 (S.D.N.Y. Dec. 19, 2012) ("Misinformation provided by a prison law clerk does not warrant equitable tolling.") (Report and Recommendation), *adopted,* 2013 WL 636956 (S.D.N.Y. Feb. 11, 2013); *James v. Hudson*, No. 1:07-cv-3651, 2009 WL 111637, at *8 (N.D. Ohio Jan. 15, 2009) (finding that the incorrect advice of prison law clerks did not justify equitable tolling); *Carbone v. Cunningham*, No. 06-cv-5710, 2007 WL 4205821, at * (S.D.N.Y. Nov. 28, 2007) ("[R]eliance on erroneous advice from a prison law clerk, or even an attorney, does not create the extraordinary circumstances required for equitable tolling."). Therefore, petitioner's pro se status and his reliance on the advice of the prison law clerk is insufficient to warrant equitable

tolling in this case.

In any event, petitioner has not demonstrated that he was diligent in pursuing his rights. The Sixth Circuit has indicated that the relevant inquiry in determining whether equitable tolling applies is whether petitioner was diligent in pursuing federal habeas relief. In this case, petitioner waited 1,203 days to file his habeas petition after his conviction and sentence became final on December 28, 2012, and 330 days after the limitations period expired on May 20, 2015. Accordingly, petitioner has not demonstrated that he was diligent in pursuing his federal rights. *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003) (finding that petitioner's decision to proceed solely in state court "rather than filing his federal habeas petition and protecting his federal constitutional rights, demonstrates a lack of diligence"). Petitioner has therefore failed to demonstrate that he is entitled to equitable tolling and the petition is time-barred.

Accordingly, in sum, the undersigned concludes that petitioner's federal habeas corpus petition is time-barred. Therefore, the motion to dismiss (Doc. 10) should **GRANTED** and petition for a writ of habeas corpus (Doc. 4)should be **DISMISSED** with prejudice.

## IT IS THEREFORE ORDERED THAT:

Petitioner's motion to amend (Doc. 8) is **GRANTED**.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 10) be **GRANTED** and petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 4) be **DISMISSED** with prejudice.

2. A certificate of appealability should not issue with respect to any of petitioner's time-barred claims because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable

whether the Court is correct in its procedural ruling that such claims are subject to dismissal on statute of limitations grounds.³

    3.  With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

      s/ J. Gregory Wehrman
      J. Gregory Wehrman
      United States Magistrate Judge

---

³ Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief.  *See Slack,* 529 U.S. at 484.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANTHONY RAMONE VARNER,　　　　　　　　Case No. 1:16-cv-470
　　Petitioner,
　　　　　　　　　　　　　　　　　　　　　Bertelsman, J.
　　vs.　　　　　　　　　　　　　　　　　　Wehrman, M.J.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
　　Respondent.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).